# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PAUL METROWSKI,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:06-cv-655-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## MEMORANDUM OPINION & ORDER

The Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying his claim for Disability Insurance Benefits (DIB) benefits under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case. Oral argument has not been requested.

For the reasons that follow, the decision of the Commissioner is **affirmed.**

### *I. BACKGROUND*

**A.    Procedural History**

Plaintiff filed for a period of disability, DIB benefits on September 24, 2003. R. 57, 80. He alleged an onset of disability on July 26, 2001, due to chronic low back pain, lower extremity pain and numbness, left shoulder bursitis, right ankle pain, bladder urgency, and chronic depression and

anxiety. R. 71, 78, 307. His application was denied initially and upon reconsideration. R. 36, 43. Plaintiff requested a hearing, which was held on July 12, 2005, before Administrative Law Judge Gerald R. Murray (hereinafter referred to as "ALJ"). R. 299-320. In a decision dated January 20, 2006, the ALJ found Plaintiff not disabled as defined under the Act through the date of his decision. R. 10-22. Plaintiff timely filed a Request for Review of the ALJ's decision. R. 9. The Appeals Council denied Plaintiff's request on March 11, 2006. R. 5-7. Plaintiff filed this action for judicial review on May 15, 2006. Doc. No. 1.

### B.     Medical History and Findings Summary

Plaintiff's medical history is set forth in detail in the ALJ's decision. By way of summary, Plaintiff complained of chronic low back pain related to a lumbar spine (work-related injury), lower extremity pain and numbness, left shoulder bursitis, right ankle pain, bladder urgency, and chronic depression and anxiety. R. 71, 78. After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from degenerative disc disease of the lumbar spine, left ankle pain with numbness in the left leg, and urinary urgency, which were "severe" medically determinable impairments, but not impairments severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. R. 20-21, Findings 3-4.

The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform a significant range of light work, with a sit/stand option. R. 21, Finding 6. In making this determination, the ALJ found that Plaintiff's allegations regarding his limitations were not totally credible for the reasons set forth in the body of the decision.[1] R. 15; 21, Finding 5. Based upon

---

[1] Within the body of the decision, the ALJ discredited Plaintiff's reported limitations in light of the medical history, the reports of treating and examining practitioners, the degree of medical treatment required and the claimant's own description of his activities and lifestyle. R. 15.

Plaintiff's RFC, the ALJ determined that he could not perform past relevant work. R. 21, Finding 7. Considering Plaintiff's vocational profile and RFC, the ALJ relied on the testimony of the VE to conclude that Plaintiff could perform work existing in significant numbers in the national economy. R. 21, Finding 12. Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision. R. 21, Finding 13.

Plaintiff now asserts two points of error. First, he argues that the ALJ erred by finding that his mental impairment was not severe. Second, Plaintiff contends the ALJ erred by failing to include his mental limitations in the hypothetical to the VE. For the reasons that follow, the decision of the Commissioner is **AFFIRMED**.

## *II. STANDARD OF REVIEW*

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of

the [Commissioner.]" *Id.* (internal quotation and citation omitted). *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f).

**A severe mental impairment**

Plaintiff argues that the medical evidence reflected severe depression and the ALJ erred in not recognizing it as "severe" under Step 2 or including its effects in the hypothetical to the VE. The Commissioner responds that Plaintiff's mental impairment did not rise to the level of severe, and assuming *arguendo* it did, failure to include it at Step 2 is harmless error because the ALJ did consider

Plaintiff's mental impairment at Step 5 and, finding it to be not severe, it did not need to be included in the hypothetical to the VE.

At Step 2 of the five-step evaluation process, the ALJ is called upon to determine whether a claimant's impairments are severe. By definition, this inquiry is a "threshold" inquiry. It allows only claims based on the most trivial impairments to be rejected. In this Circuit, an impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. A claimant need show only that his impairment is not so slight and its effect not so minimal. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). SSA Ruling 85-28 clarifies that the Step 2 severity requirement is intended "to do no more than screen out groundless claims." *May v. Social Security Admin. Comm.,* 125 F.3d 841, 1997 WL 616196, *1 (1st Cir. 1997) (unpublished).

Plaintiff was first evaluated for a depression on March 31, 2003, by Dr. Alan F. Burns at Florida Psychiatric Consultants (FPC), who diagnosed him with major depression (single episode, moderate), chronic pain and financial stress, and a current GAF score of 60. R. 235-38. In May 2003, the FPC records note that he had difficulty with concentration and was forgetful; his Zoloft was increased but on May 28, 2003, the Zoloft was discontinued because Plaintiff had developed a rash; he still felt depressed and irritable. R. 232-33. After the rash subsided, Plaintiff started taking Effexor. R. 232. On July 2, 2003, FPC records indicate Plaintiff was "handling stress better," but still complaining of depression, so Effexor was increased again. R. 230-31. It was increased a third time on September 5, 2003 because Plaintiff told the doctor Effexor "helps him to calm down." R. 229. In October 2003, Plaintiff was feeling stressed and overwhelmed because of his wife's illness, although he denied feeling depressed; his concentration was noted as "adequate." R. 295.

Dr. George Fisher of the Family Care Counseling Center opined on December 9, 2003 that Plaintiff was "extremely depressed," was completely incapacitated from maintaining employment. R. 250. Even though Dr. Fisher noted that he had earlier seen Plaintiff in his office in September 2003, those records are not part of the record in the case. Plaintiff was not treated by any other mental health professional after December 2003. Dr. Stockhammer, Plaintiff's primary care doctor,[2] prescribed Paxil for Plaintiff's depression, although he noted no psychological symptoms in any of his notes from 2005 office visits. R. 276-85. On March 14, 2005, Dr. Stockhammer noted that Plaintiff's mood was better with Paxil. R. 276.

Based on these 2003 records from FPC, two non-examining medical reviewers opined that the claimant had "moderate" limitations in social functioning and concentration/persistence/pace (R. 170, 261), in the ability to maintain attention and concentration for extended periods, to work in coordination with or proximity to others without being distracted by them, to interact appropriately with the general public, and to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (R. 261-67; 177-78 – dated December 17, 2003 and March 24, 2004).

Plaintiff testified at the July 2005 hearing that his wife was terminally ill with cancer and he was her caregiver, providing her with medications every day; hospice also helps. R. 303–04. He testified to taking Paxil for depression and anxiety, or stress, and he had seen a psychiatrist when he could afford it. R. 308.

---

[2]Dr. Stockhammer wrote a letter dated February 3, 2003 (R. 290) opining that Plaintiff was permanently disabled and had acute anxiety with depression. As the ALJ pointed out, the letter said Plaintiff had been under his care for "many years"; however, Plaintiff became a new patient of Dr. Stockhammer in March 2004. R. 287.

Plaintiff argues that the ALJ should have found his mental impairment severe at step two; and because he did not find the mental impairment severe at step two, he ignored his mental impairment at step five when determining whether Plaintiff could do other work in the national economy (since he could not return to past relevant work due to physical limitations).  In reality, Plaintiff is arguing that the ALJ should have found his mental impairment prevented him from performing any work in the national economy.

At step two, the ALJ reviewed the evidence of record and concluded Plaintiff had "an impairment or combination of impairments considered severe" (even though one was not depression). R. 15.  The ALJ cited to the SSA Regulations which "require that if *a* 'severe' impairment exists, *all* medically determinable impairments must be considered in the *remaining steps* of the sequential analysis," citing 20 C.F.R. § 404.1523.  R. 14 (emphasis added).  Plaintiff's argues erroneously that "[t]he net effect of the ALJ's rejection of the claimant's depression as a "severe" impairment at step 2 was to preclude any further analysis of the effect of this depression at subsequent steps of the sequential evaluation process." Doc. No. 15 at 19.  Plaintiff is simply wrong given the ALJ's lengthy consideration of the impact of Plaintiff's depression and mental limitations.

As the Eleventh Circuit has previously found in performing a very similar analysis: "[T]he ALJ could not have committed any error at step two because he found that [claimant] had a severe impairment or combination of impairments and *moved on to the next step in the evaluation*, which is all that is required at step two." *See Council v. Commissioner of Soc. Sec.*, slip opinion, Case No. 04-13128 (11th Cir. 2004) (emphasis added), attached as Doc. No. 18-4.  Because the ALJ found Plaintiff had other "severe" impairments, he moved on to Steps 3, 4 and 5, and in the process considered Plaintiff's mental limitations at length, ultimately rejecting them.

The ALJ's consideration of Plaintiff's mental impairments were as follows:

The [ALJ] has also considered the possibility of a mental impairment. The claimant reported the development of depression and anxiety in relation to stress from his back surgery and his wife having been diagnosed with terminal cancer. Although the claimant acknowledged that he had not required nor sought any type of mental health or psychiatric treatment prior to March 31, 2003, he was assessed by Dr. Stockhammer as having acute depression and anxiety in some of his treatment notes and report on February 3, 2002 (although this was almost two years after his alleged onset date).

Florida Psychiatric Consultants records from March 31, 2003 through December 29, 2003 show some treatment by psychiatrist Alan Burns, M.D. The same notes indicate that the claimant was being treated for situational depression for which he was initially prescribed Zoloft. However, by May 28, 2003 the Zoloft was discontinued and he was prescribed a different antidepressant medication (Effexor) which notably had improved his ability to handle the stress pursuant to his own report documented in progress notes from July 2, 2003. The last two entries from Dr. Burns indicate that the claimant failed to show up for his sessions in December 2003. There has been no evidence of any regular psychiatric treatment after December 2003.

Likewise in the evidence of record is a statement from George Fisher, Ph.D. of the Family Care Counseling Center dated December 9, 2003. Dr. Fisher indicated that he had seen the claimant first on September 8, 2003 and again on September 30, 2003 for psychotherapy. However there are no treatment notes from Dr. Fisher in the evidence of record other than that one statement. Nonetheless, Dr. Fisher gave the opinion that the claimant is "completely incapacitated in terms of maintaining employment" based upon his physical and mental problems. The Administrative Law Judge finds this conclusory statement to be inconsistent with the objective medical and other evidence of record including the claimant's lack of treatment prior to February 2003 and very sporadic treatment thereafter. For these reasons it is not given significant weight.

For similar reasons, the [ALJ] finds the assessments given by Disability Determination Service psychologists Susan Conley, Ph.D. and Michael Zelenka, Ph.D. (who found the claimant to have moderate limitations concerning socialization and concentration) to be inconsistent with the objective medical and other evidence of record.

Specifically, the [ALJ] notes that neither the examining psychologist nor the treating psychiatrist identified any specific limitations in the claimant's activities in their treatment notes and/or evaluations of the claimant. The claimant's treatment has been very sporadic, and psychiatric treatment records indicate that the claimant's use of antidepressant medications have significantly reduced the claimant's symptoms. For these reasons, the claimant is deemed to have failed to establish the existence of a severe mental impairment. The claimant's depressive disorder is deemed to be non-severe as it does not impose significant work-related limitations. Mentally he has no

>significant limitation regarding the performance of routine, repetitive unskilled and semi-skilled work.

R. 17-18 (citations to record omitted). The ALJ's finding that Plaintiff has no significant limitations from his non-severe depressive disorder (R. 18) is supported by substantial evidence.

Plaintiff points to certain incidents exemplifying his depression as noted by various physicians in the medical records, notes such as Plaintiff being "very angry at the system" (R. 199 - August 1, 2002) and that he was "very depressed" and "not sleeping well" (R. 194 - January 29, 2003). These depression symptoms were all noted before Plaintiff sought treatment on March 31, 2003 from Dr. Alan F. Burns at Florida Psychiatric Consultants, who put Plaintiff on the anti-depressant medication, Zoloft, in May 2003 until he developed a rash and it was discontinued (R. 232-33). He was subsequently prescribed Effexor (R. 232), which had to be increased by Dr. Burns in July and September 2003 (R. 229-30, 250, 295-96).

As the ALJ noted, there was no evidence of any regular psychiatric treatment before February 2003 or after December 2003; Plaintiff was a "no show" for the last two appointments with Dr. Burns in December 2003. R. 294-95. The ALJ properly discounted the opinion of Dr. Fisher who, although he opined Plaintiff was "completely incapacitated and could not maintain employment" based on two visits in September 2003 (R. 250), provided no treatment records to support his opinion. At the time of the July 2005 hearing, during the twenty-one months after the last visit to Dr. Burns (in October 2003), Plaintiff had been treated by his primary care doctor during 2004 and 2005 and there was no mention of any depression symptoms, aside from the positive note that Plaintiff's "mood was better with Paxil." R. 276. The ALJ's finding concerning Plaintiff's depression (R. 18) is supported by substantial evidence. Moreover, because the ALJ's determination that Plaintiff's depression was not

severe was supported by substantial evidence, the ALJ was not required to include any mental limitations in the hypothetical to the VE.

### *CONCLUSION*

The record in this case shows that Plaintiff does not enjoy full health and that his lifestyle and activities are affected by his ailments and family circumstances. The ALJ appropriately considered these circumstances and analyzed them in relation to the exacting disability standard under the Social Security Act. For the reasons set forth above, the ALJ's decision is consistent with the requirements of law and is supported by substantial evidence. Accordingly, the Court **AFFIRMS** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Orlando, Florida on July 9, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record